IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROGER ALLEN RICKMAN, | |
| Plaintiff, | 4:16CV3187 |
| vs. | |
| FEDERAL-SOCIOL SECURITY, depts; | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the court on initial review of Plaintiff Roger Allen Rickman's Complaint (Filing No. 1). For the following reasons, the court finds Plaintiff's complaint fails to state a claim. Plaintiff will be given leave to an amended complaint that states a claim upon which relief may be granted.

SUMMARY OF COMPLAINT

Plaintiff filed his complaint on December 13, 2016 against "Federal Sociol Security [departments]" in all states. (Filing No. 1 at CM/ECF p. 2).[1] On August 7, 2017, Plaintiff filed a 3-page supplement in addition to his Complaint. (Filing No. 10). For the most part, the supplement is repetitive and nonsensical. But the undersigned finds that certain portions add to or create context for Plaintiff's complaint. Accordingly, out of an abundance of caution, and in order to ensure a just and fair resolution of this matter, the court will consider Plaintiff's additional filing as supplemental to the Complaint. See NECivR 15.1(b) (stating that in pro se cases, the court may consider an amended pleading as supplemental to the original

---

[1] It is clear from a plain reading of Plaintiff's complaint that he meant to file suit against the Social Security Administration and the proper party-defendant is Nancy A. Berryhill, the Acting Commissioner of the Social Security Administration. See 20 C.F.R. § 422.210(d).

pleading, rather than as superseding); see also Coleman v. Correct Care Solutions, 559 Fed. Appx. 601, 602 (8th Cir. 2014) (citations omitted).

Plaintiff makes a claim on behalf of all social security disability recipients in the United States. He argues all disability benefits recipients should receive "no less than $1,500 a month" in benefits. (Filing No. 1 at CM/ECF pp. 5, 6; Filing No. 10). Plaintiff includes himself in this argument stating that he receives monthly payments of $666.00 which is not sufficient for him to live on. (Filing No. 1 at CM/ECF p. 5).

Plaintiff additionally claims his disabled mother was denied Social Security benefits from 1974–1979 which caused him personal suffering and hardship as a child. (Filing No. 1 at CM/ECF pp. 5, 6; Filing No. 10 at CM/ECF p. 1).

For relief, Plaintiff requests monetary damages in the amount of $7.7 billion.

STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

## ANALYSIS OF CLAIMS

"[A] plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975). Additionally, a litigant may bring his own claims to federal court without counsel, but not the claims of others. See 28 U.S.C. § 1654; see also 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1 ("class representatives cannot appear pro se").

Accordingly, Plaintiff cannot assert the social security benefits claims of third parties, including his mother and all others receiving social security disability benefits in the United States.

Regarding, Plaintiff's claim that his own social security disability benefits should be raised from $666 to $1,500 for social security disability benefits:

Section 405 of the Social Security Administration Act is the exclusive jurisdictional basis for judicial review of a SSA benefits determination. 42 U.S.C. § 405(g), (h); Califano v. Sanders, 430 U.S. 99, 102 (1977). Under Section 405(g), the court has subject matter jurisdiction to review final decisions of the Commissioner of Social Security. 42 U.S.C. § 405(g). A final decision occurs only upon completion of a four-step administrative appeal process that includes an initial determination, reconsideration, a hearing before an administrative law judge, and a review by the Appeals Council. See 20 C.F.R. § 404.900(a). A claimant must complete this four-step appeal process and receive either (1) a decision by the Appeals Council, or (2) notice from the Appeals Council that it is denying his request for review before he can receive a judicially reviewable final decision. 20 C.F.R. § 404.900(a); 42 U.S.C. § 404.981; Califano, 430 U.S. at 102.

Plaintiff does not allege or show that he has completed the required administrative appeals process to dispute the Commissioner's decision of his own SSA benefits. Although in limited situations an exhaustion requirement may be waived, Plaintiff has presented no argument that those facts exist in the this case, and the court concludes exhaustion should not be waived.[2] See In Home Health, Inc. v. Shalala, 272 F.3d 554, 560 (8th Cir. 2001). Because Plaintiff has not demonstrated that he obtained a judicially reviewable "final decision," this Court is without jurisdiction, and Plaintiff's Complaint should be dismissed.

---

[2] In order to warrant a waiver of the administrative remedies, under Title 42 U.S.C. §405(g), such that subject matter jurisdiction could exist over the Plaintiff's claim against the Commissioner, the Plaintiff must show that: "(1) [his] claim is collateral to [his] claim for disability benefits; (2) irreparable injury will follow; and (3) exhaustion would otherwise be futile." Titus v. Sullivan, 4 F.3d 590, 592 (8th Cir. 1993) (quoting Bowen v. City of New York, 476 U.S. 467 (1986)); Schoolcraft v. Sullivan, 971 F.2d 81, 85 (8th Cir. 1992), cert. denied, 510 U.S. 1081 (1994). However, "if jurisdiction is not available under §405(g), the district court may also review the [Commissioner's] decision if the plaintiff alleges a colorable claim of unconstitutionality." Boock v. Shalala, 48 F.3d 348, 351 (8th Cir. 1995).

Finally and in addition, because Congress has established the above-described processes and remedies regarding recovery of social security benefits, social security recipients do not have a private right of action against federal administrators. Schweiker v. Chilicky, 487 U.S. 412, 428-29 (1988).

Accordingly,

IT IS ORDERED:

1) Plaintiff is given 21 days to file an amended complaint which states a claim upon which relief may be granted. The failure to do so will result in the court dismissing this case without further notice.

2) The clerk of court is directed to adjust the name of defendant to Nancy A. Berryhill, the Acting Commissioner of the Social Security Administration.

Dated this 26th day of October, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge